UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
DAVAUGHN STEVENS,

                           Plaintiff,

      -against-

THE CITY OF NEW YORK,
POLICE OFFICER GELLISON FLORES (TAX 948973),
SERGEANT DANIELBEY DAWU (TAX 915071),
POLICE OFFICER ALEXIS ALVAREZ (TAX 948458),
POLICE OFFICER RYAN LOOMIS (TAX 949216), and
JOHN DOE believed to be POLICE OFFICER BASDEO
RUGGA (TAX 916607),

                         Defendants.
-------------------------------------------------------------------X

**AMENDED COMPLAINT**

12 CV 6823 (JGK) (RLE)

JURY TRIAL DEMANDED

      Plaintiff, DAVAUGHN STEVENS, by and through his attorneys, **LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** complaining of the defendants herein, respectfully shows the Court and alleges:

## PRELIMINARY STATEMENT

      1.     This is a civil rights action in which the plaintiff, DAVAUGHN STEVENS, seeks relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. §§ 1983 and 1988, and of his rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, and of his rights secured under the laws and Constitution of the State of New York. The plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs, interest and attorneys' fees, and such other and further relief as this Court deems equitable and just.

## JURISDICTION

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, 1367 and 42, this being an action seeking redress for the violation of plaintiff's constitutional and civil rights.

3. Jurisdiction is also invoked herein pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

4. The plaintiff respectfully requests that this Court exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any state court causes of action that arise from a common nucleus of operative facts that give rise to the federally based causes of action pleaded herein, and as against all parties that are so related to claims in this action within the original jurisdiction of this court that are formed as part of the same case or controversy.

## VENUE

5. Venue herein is proper for the United States District Court for the SOUTHERN District of New York pursuant to 28 U.S.C. § 1391 (a), (b) and (c).

## NOTICE OF CLAIM

6. Plaintiff has filed a Notice of Claim with the Comptroller of the City of New York on or about November 15, 2011 within 90 days of the events complained of herein. More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

7. That Plaintiff, pursuant to General Municipal Law 50(h) was produced for a statutory hearing on August 29, 2012, this action is commenced within one year and ninety days from the date the pendent claim herein accrued.

## JURY TRIAL DEMAND

8.  Plaintiff hereby demands a trial by jury of all issues in this action that are triable.

## PARTIES

9.  Plaintiff DAVAUGHN STEVENS is an adult male and at all times hereinafter mentioned was and still is a citizen of the United States residing in the State of New York and the County of New York.

10. Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

11. Defendant THE CITY OF NEW YORK was and is at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

12. Defendant Police Officer Gellison Flores (Tax 948973) (hereinafter, "DEFENDANT FLORES"), is and was at all times relevant herein, a duly appointed and acting officer, servant, employee and agent of the New York City Police Department, a municipal agency of THE CITY OF NEW YORK. Defendant Flores is and was at all times relevant herein, acting under color of state law in the course and scope of his duties and functions as an officer, agent, servant, and employee of defendant THE CITY OF NEW YORK. Defendants Flores was acting for, and on behalf of, and with the power and authority vested in him by THE CITY OF NEW YORK and the New York City Police Department, and was otherwise performing and engaging in conduct incidental to the

performance of his lawful functions in the course of his duties. Defendants Flores is sued herein in his official and individual capacities. Upon information and belief, at the time of this incident, Defendant Flores was assigned to the Manhattan North Narcotics Unit. Upon information and belief he is currently assigned to the 30th Precinct.

13. Defendant Police Officer Sergeant Danielbey Dawu (Tax 915071), (hereinafter, "DEFENDANT DAWU"), is and was at all times relevant herein, a duly appointed and acting officer, servant, employee and agent of the New York City Police Department, a municipal agency of THE CITY OF NEW YORK. Defendant Dawu is and was at all times relevant herein, acting under color of state law in the course and scope of his duties and functions as an officer, agent, servant, and employee of defendant THE CITY OF NEW YORK. Defendant Dawu was acting for, and on behalf of, and with the power and authority vested in him by THE CITY OF NEW YORK and the New York City Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duties. Defendant Dawu is sued herein in his official and individual capacities. Upon information and belief, he is currently assigned to the Patrol Boro Manhattan North.

14. Defendant Police Officer Alexis Alvarez (Tax 948458), (hereinafter, "DEFENDANT ALVAREZ"), is and was at all times relevant herein, a duly appointed and acting officer, servant, employee and agent of the New York City Police Department, a municipal agency of THE CITY OF NEW YORK. Defendant Alvarez is and was at all times relevant herein, acting under color of state law in the course and scope of his duties and functions as an officer, agent, servant, and employee of defendant THE CITY OF NEW YORK. Defendant Alvarez was acting for, and on behalf of, and with the power and authority vested in him by THE

CITY OF NEW YORK and the New York City Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duties. Defendant Alvarez is sued herein in his official and individual capacities. Upon information and belief, he is currently assigned to the 19th Precinct.

15. Defendant Police Officer Ryan Loomis (Tax 949216), (hereinafter, "DEFENDANT LOOMIS"), is and was at all times relevant herein, a duly appointed and acting officer, servant, employee and agent of the New York City Police Department, a municipal agency of THE CITY OF NEW YORK. Defendant Loomis is and was at all times relevant herein, acting under color of state law in the course and scope of his duties and functions as an officer, agent, servant, and employee of defendant THE CITY OF NEW YORK. Defendant Loomis was acting for, and on behalf of, and with the power and authority vested in him by THE CITY OF NEW YORK and the New York City Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duties. Defendant Loomis is sued herein in his official and individual capacities. Upon information and belief, he is currently assigned to the 32nd Precinct.

16. Defendant Police Officer Basdeo Rugga (Tax 916607), (hereinafter, "DEFENDANT RUGGA"), is and was at all times relevant herein, a duly appointed and acting officer, servant, employee and agent of the New York City Police Department, a municipal agency of THE CITY OF NEW YORK. Defendant Rugga is and was at all times relevant herein, acting under color of state law in the course and scope of their duties and functions as an officer, agent, servant, and employee of defendant THE CITY OF NEW YORK. Defendant Rugga was acting for, and on behalf of, and with the power and authority vested in him by THE CITY OF

NEW YORK and the New York City Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duties. Defendant Rugga is sued herein in his official and individual capacities. Upon information and belief, he is currently retired.

## STATEMENT OF FACTS

17. On or about NOVEMBER 8, 2011 at approximately 9:00 pm, in the County, City and State of New York, plaintiff was lawfully sitting inside of his motor vehicle which was lawfully parked on 142nd Street between 7th and 8th Avenues, when Defendant Flores and at least one of the Defendants, believed to be Defendant Alvarez, arrived in uniform and on duty.

18. Without any legal basis or justification for doing so, Defendant Flores and at least one of the Defendants, believed to be Defendant Alvarez, approached plaintiff, and without any legal basis or justification for doing so, demanded to see plaintiff's identification.

19. Despite the fact that plaintiff was lawfully parked, and was not engaged in any unlawful or suspicious activity, the Defendants threatened to write plaintiff a ticket for being illegally parked near a fire hydrant.

20. Although there was no legal basis to detain or seize the plaintiff, the defendants forcibly removed plaintiff from his vehicle and proceeded to kick, shove, push, punch and strike plaintiff on his back, arms, legs, neck, head, and ribs.

21. The plaintiff was not engaged in any suspicious or illegal conduct, and complied with the defendants' requests.

22. Although there was no legal basis for doing so, the defendants searched plaintiff's person and his vehicle.

23. The search yielded no evidence of guns, drugs, or contraband.

24. Despite the absence of any evidence of wrongdoing in the part of plaintiff, the defendants applied excessively tight handcuffs to the plaintiff and formally arrested him.

25. Defendant Flores and Defendant Alvarez also sprayed plaintiff with mace, and the defendants proceeded to subject plaintiff to excessive force even after he was placed in handcuffs.

26. While at the scene of the arrest, at least three more defendant officers, believed to be Defendant Dawu, Defendant Loomis, and Defendant Rugga arrived in uniform, on duty, and in NYPD vehicles.

27. These defendants also subjected plaintiff to excessive force.

28. Plaintiff was then taken to a local area precinct believed to be the 32nd Precinct, where he was held for several hours before being transferred to New York County Central Booking where he was held for several more days.

29. Plaintiff was eventually arraigned on a criminal complaint sworn to by Defendant Flores and made on the basis of allegations given by Defendant Flores and Defendant Alvarez, and plaintiff was prosecuted pursuant to this complaint and was forced to make several court appearances over the course of several months before the charges against him were dismissed.

30. The factual allegations sworn to by the defendants against plaintiff were materially false and deliberately made to justify the illegal search, arrest, and excessive force perpetrated by the defendants against plaintiff.

31. It was objectively unreasonable for the defendants to arrest plaintiff, as there was no

evidence that he had engaged in any unlawful conduct.

32. At no time prior to or during the encounter and/or arrest did there exist probable or otherwise legally sufficient cause to seize or arrest plaintiff, nor could the defendants have reasonably believed that such cause existed.

33. At no time did there exist any basis to use any level of force against the plaintiff, much less the force actually employed, nor could any of the defendants have reasonably believed that such force was reasonable, lawful, appropriate, or necessary.

34. At no time prior to or during the encounter was there sufficient legal cause to believe that plaintiff was engaged in any unlawful or suspicious activity.

35. At no time did any of the defendants take steps to intervene in, prevent, or otherwise limit the misconduct engaged in by the defendants against plaintiff.

36. The individual defendants intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein.

37. At all times relevant herein, the defendants were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests without legal justification or excuse.

## AS AND FOR A FIRST CAUSE OF ACTION
## DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983
## BY THE INDIVIDUAL DEFENDANTS

38. Plaintiff DAVAUGHN STEVENS repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

39. By their conduct and actions in arresting, imprisoning, maliciously prosecuting, failing to intercede on behalf of DAVAUGHN STEVENS and in failing to protect him from the unjustified and unconstitutional treatment he received at the hands of the individual defendants, the individual defendants, acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused plaintiff to be unlawfully subjected to excessive and unreasonable force and false arrest, malicious prosecution, and caused injury and damage in violation of the plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

40. As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A SECOND CAUSE OF ACTION
## DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983 BY
## THE CITY OF NEW YORK

41. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

42. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department and the individuals defendants, had in effect actual and/or *de facto* policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct alleged of the individual defendants.

43. At all times material to this complaint, defendant THE CITY OF NEW YORK failed to properly train, screen, supervise or discipline its employees and police officers, including the individual defendants, concerning the correct practices in having probable cause and/or reasonable suspicion to detain a person, and then permit detention, inflict abuse and excessive force upon said person, batter and assault and sustain a false arrest, thereby permitting the defendants to be in a position to violate plaintiff's rights.

44. Defendant THE CITY OF NEW YORK, being aware that such lack of training, supervision, and discipline leads to improper conduct by its employee police officers, acted with deliberate indifference in failing to establish a program of effective training, supervision and discipline. Defendant THE CITY OF NEW YORK is aware of the persistent and substantial risk of improper and incorrect arrest and detention, and effective training, supervision, and discipline would lessen the likelihood of such occurrences. There are recurrent circumstances which

involve such potential danger to the constitutional rights of citizens and which are officially tolerated by defendant THE CITY OF NEW YORK. Such policies, practices, customs or usages were the direct and proximate cause of the harm to the plaintiff, in violation of plaintiff's rights as guaranteed by 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

45. Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the NYPD.

46. Defendant had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, use of excessive force, abuse of arrest powers, and other blatant violations of the United States Constitution and rules and regulations of the NYPD. Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put in place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiff herein.

47. The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests, detentions, malicious prosecution, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiff's arrest.

48. The aforementioned customs, practices, procedures, and rules of the City and the NYPD are listed below in the following, non-exhaustive list of unconstitutional actions:

   a. Using excessive force on individuals, including but not limited to those who have already been handcuffed;

   b. Failing to supervise, train, instruct and discipline police officers and encouraging their misconduct;

   c. Discouraging police officers from reporting the corrupt or unlawful acts of others;

   d. Retaliating against officers who report police misconduct; and

   e. Failing to intervene to prevent the above-mentioned practices when such intervention is reasonably available.

49. The existence of unconstitutional customs and policies, including those detailed herein, may be inferred from repeated occurrences of similar unconstitutional, illegal, and wrongful conduct, as documented in numerous civil actions, including, but not limited to, the following:

   a. *Thompson v. City of New York*, 10-CV-3603 (ARR) (SMG) (E.D.N.Y.);

   b. *Lotorto v. City of New York*, 10-CV-1223 (ILG) (JMA) (E.D.N.Y.);

   c. *Zabala v. City of New York*, 37711/2010 (Sup. Ct. Kings Co.);

   d. *Ashe v. City of New York*, 09-CV-9216 (AKH) (S.D.N.Y.);

   e. *Long v. City of New York*, 09-CV-9216 (AKH) (S.D.N.Y.);

   f. *Moise v. City of New York*, 09-CV-9855 (DC) (JLC) (S.D.N.Y.);

   g. *Taylor-Mickens v. City of New York*, 09-CV-7923 (RWS) (S.D.N.Y.);

   h. *Carmody v. City of New York*, 05-CV-8084 (HB), 2006 U.S. Dist. LEXIS 83207;

   i. *McMillan v. City of New York*, 04-CV-3990 (FB) (RML) (E.D.N.Y.);

j. *Avent v. City of New York,* 04-CV-2451 (CBA) (CLP) (E.D.N.Y.).

50. In an Order dated November 25, 2009, in *Colon v. City of New York,* 09-CV-0008 (E.D.N.Y.), the Hon. Jack B. Weinstein stated:

> Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anectodal evidence of repeated, widespread falsification by arresting police officer of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration – through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department – there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city of the illegal conduct of the kind now charged.

51. It is therefore axiomatic that the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of plaintiff's rights in particular.

52. As a direct result of defendants' actions, plaintiff suffered a denial of his federal statutory rights, constitutional rights and privileges. Such deprivations were in violation of the rights secured to plaintiff by the Fourth and Fourteenth Amendments of the United States Constitution and by Title 42 U.S.C.A § 1983.

53. As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A THIRD CAUSE OF ACTION
## FOR EXCESSIVE FORCE, FALSE ARREST,
## FALSE IMPRISONMENT PURSUANT TO STATE LAW

54. Plaintiff DAVAUGHN STEVENS repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

55. That at all times hereinafter mentioned, defendant THE CITY OF NEW YORK assumed responsibility, supervision, and authority over THE NEW YORK CITY POLICE DEPARTMENT and its agents, servants, and employees, and is liable to plaintiff for the acts complained of herein under the theories of vicarious liability and *respondeat superior*.

56. On NOVEMBER 8, 2011 at the aforementioned location, Plaintiff DAVAUGHN STEVENS was detained and held under the imprisonment and control of the defendants under false pretenses.

57. That on or about NOVEMBER 8, 2011, due to the negligence of the defendants, their servants, agents, employees, licensees, independent contractors and/or police officers while in the course and scope of their employment with THE CITY OF NEW YORK, and acting under authority of the NEW YORK CITY POLICE DEPARTMENT, falsely arrested and imprisoned Plaintiff DAVAUGHN STEVENS, without warrant, authority of law, or probable cause therefore.

58. That the acts and conduct on the part of the individual defendants constituting the false arrest and false imprisonment consisted in part of the following; unlawfully and intentionally detaining and confining Plaintiff DAVAUGHN STEVENS against his will and without his consent; unlawfully and intentionally detaining and confining Plaintiff without privilege, probable cause or

valid legal process; unlawfully detaining and confining Plaintiff through the unlawful arrest of Plaintiff; unlawfully detaining and confining Plaintiff through the use of force; unlawfully arresting Plaintiff and placing Plaintiff in handcuffs without reasonable cause therefore, and committing such other acts resulting in the unlawful arrest and imprisonment of Plaintiff.

59. That at all times hereinafter mentioned, said arrest, confinement and restraint of liberty was not otherwise privileged.

60. That Plaintiff DAVAUGHN STEVENS was conscious of the confinement.

61. That as a direct, sole and proximate result of the false arrest, imprisonment, and excessive force, Plaintiff DAVAUGHN STEVENS was caused and did sustain humiliation and embarrassment, emotional and mental distress, moral and mental degradation, indignity and disgrace, injury to personal and business reputation, inconvenience, disturbance and disruption of life, legal expenses, and loss of personal income.

62 By the actions described above, the individual defendants and THE CITY OF NEW YORK caused plaintiff to be falsely arrested and/or falsely imprisoned without probable cause, without reasonable suspicion, illegally, without any proper claims, and without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws of the Constitution of the State of New York.

63. As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A FOURTH CAUSE OF ACTION
## VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO
## THE COMMON LAW OF THE STATE OF NEW YORK
## <u>VIA BATTERY</u>

64. Plaintiff DAVAUGHN STEVENS repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

65. Defendant THE CITY OF NEW YORK is vicariously liable to the plaintiff for the individual defendants' common tort of battery via the principle of *respondeat superior* and that New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

66. That by reason of the battery, the plaintiff was harmed physically while unlawfully detained, and that the plaintiff was otherwise harmed as a result of the defendants' actions.

67. As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A FIFTH CAUSE OF ACTION
## VIOLATION OF PLAINTIFF'S RIGHT UNDER
## NEW YORK STATE LAW
## <u>VIA ASSAULT</u>

68. Plaintiff DAVAUGHN STEVENS repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

69. That on the aforementioned date, time and place, the defendants committed the tort of assault against the plaintiff by causing him to be in apprehension of imminent, harmful and offensive

touching and in so doing, defendants violated the laws and Constitution of the State of New York and otherwise violated plaintiff's rights under New York Law

70. That the defendant THE CITY OF NEW YORK is vicariously liable to the plaintiff for the individual defendants' common law tort of assault via the principle of *respondeat superior* and that New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

71. That by reason of the aforesaid committed by the defendants, plaintiff suffered and continues to suffer physical injury and was otherwise damaged.

72. As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A SIXTH CAUSE OF ACTION
## NEGLIGENCE

73. Plaintiff DAVAUGHN STEVENS repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

74. Defendants negligently caused injuries, emotional distress and damage to Plaintiff DAVAUGHN STEVENS. The acts and conduct of the defendants were the direct and proximate cause of injury to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

75. As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING

76. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

77. Defendant THE CITY OF NEW YORK negligently hired, screened, retained, supervised and trained individual defendants. The acts and conduct of the defendants were the direct and proximate cause of injury to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

78. As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL HARM

79. Plaintiff DAVAUGHN STEVENS repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

80. Defendants negligently caused emotional distress and damage to Plaintiff DAVAUGHN STEVENS. The acts and conduct of the defendants were the direct and proximate cause of emotional injury to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

81. As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great

humiliation, costs and expenses, and was otherwise damaged and injured.

82. That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed ONE MILLION (1,000,000.00) DOLLARS and that an award of attorneys' fees is appropriate pursuant to 42 USC § 1988.

**WHEREFORE**, plaintiff demands the following relief jointly and severally against all of the defendants:

a. Compensatory damages;

b. Punitive damages;

c. The convening and empanelling of a jury to consider the merits of the claims herein;

d. Costs and interest and attorneys' fees;

e. Such other further relief as this court may deem appropriate and equitable.

Dated: New York, New York
January 30, 2013

Respectfully submitted,

**LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
*Counsel for the Plaintiff*

By: JESSICA MASSIMI, Esq. (JM-2920)
80 Maiden Lane, 12th Floor
New York, New York 10038
(212) 962-1020
File No.: 17885